IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY THREADGILL, an individual; as Father and Next Friend to T.T., a minor, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TACALA, LLC d/b/a TACO BELL, and PAMELA KAY BELL, <br><br> Defendants. | Civil Action No. 1:22-cv-513-ECM <br> [WO] |

## ORDER APPROVING SETTLEMENT AND DISMISSING ALL CLAIMS WITH PREJUDICE

Now pending before the Court is the parties' joint motion for approval of the confidential compromise settlement. (Doc. 17). With the benefit of written submissions from both parties, a report from the Court appointed Guardian *ad Litem*, and testimony at a *pro ami* hearing, the Court finds the proposed settlement to be just, fair, and conservative of the minor's interests. Therefore, for the reasons outlined below, the parties' joint motion for approval of the confidential compromise settlement is due to be GRANTED.

### I. BACKGROUND[1]

Plaintiff T.T. was an employee at the Enterprise, Alabama location of Defendant Tacala, LLC's Taco Bell franchise. It was here that Defendant Kay Bell, general manager

---

[1] The facts recounted in this section are largely a recitation of the facts in the Plaintiffs' operative complaint (doc. 1), which were denied by the Defendants in their filings (docs. 7, 13) and at the *pro ami* hearing.

of the Taco Bell, allegedly sexually harassed Plaintiff T.T. by touching her "on the buttocks and/or genitals and made comments such as 'I like them young' and 'I can't resist you.'" (Doc. 1 at 3). The assistant manager (identified as Alex (LNU)) allegedly joined in the harassment following Defendant Bell's example. (*Id.*). It is further alleged that once Plaintiff T.T. asked Defendant Bell and the assistant manager to stop, they threatened Plaintiff T.T.'s employment and pay, reduced her hours, and forced her to work off the clock. (*Id.* at 3–4).

Plaintiff Timothy Threadgill, father of T.T., testified at the *pro ami* hearing that he received a call from an upset T.T. in which some of the above details were conveyed and, in turn, reported the conduct to law enforcement. Plaintiff T.T. testified at the *pro ami* hearing that she was told by law enforcement not to return to work and heeded this advice, which eventually resulted in Plaintiff T.T.'s termination. As such, Plaintiff Timothy Threadgill, on behalf of Plaintiff T.T., brought five claims, including violations of Title VII of the Civil Rights Act, negligent/wanton retention, outrage, and assault and battery. (*Id.* at 4–8). The Defendants strongly denied all of these allegations both in their written filings and at the *pro ami* hearing. Moreover, counsel for the Defendants represented that an investigation did not substantiate the Plaintiffs' claims.

On September 5, 2023, the parties filed a joint motion requesting the approval of a confidential settlement, the appointment of a guardian *ad litem*, and to set a *pro ami* hearing. (Doc. 17). Accordingly, the Court appointed Virginia Bradley to serve as guardian *ad litem* and set a *pro ami* hearing. (Doc. 27).

## II.  THE *PRO AMI* HEARING

The Court held a *pro ami* hearing on December 19, 2023. *See Burke v. Smith*, 252 F.3d 1260, 1265 (11th Cir. 2001).  In preparation for this hearing, the Court reviewed the Guardian *ad Litem*'s report (doc. 33-1), the parties' joint response to the Guardian *ad Litem*'s report (doc. 35), and the parties' proposed settlement (stylized as the "Full and Final Release") (doc. 44-1).  Many of the facts previously described were attested to in the form of testimony from the Plaintiffs at the *pro ami* hearing.  Defendants' counsel once more denied the allegations associated with the complaint and raised by the Plaintiffs in their testimony.  Though the parties still strenuously contest the facts, both sides want the peace of mind which a final settlement can bring.  The Court also heard from the Guardian *ad Litem*, who reaffirmed her recommendation for the Court to approve the settlement. (*See Doc*. 33-1).

## III.  CONCLUSION

In light of the parties' representations at the *pro ami* hearing, the circumstances of this case, and the filings reviewed by the Court in preparation for the *pro ami* hearing, the Court APPROVES the parties' proposed settlement (doc. 44-1) after finding it to be just, fair, and conservative of the minor Plaintiff T.T.'s interests.

Accordingly, upon consideration of the motion, and for good cause, it is ORDERED as follows:

1.  The parties' motion (doc. 17) is GRANTED to the extent that the parties' compromise settlement is APPROVED.

2.  In accordance with their representations to the Court, the parties shall remit $500 to Virginia Bradley for her services as Plaintiff T.T.'s Guardian *ad Litem*.

3.  The case is DISMISSED with prejudice in accordance with terms set out by the parties.

4.  All pending motions are denied as moot, and all deadlines are terminated.

The Clerk is DIRECTED to close this case.

Done this 20th day of December, 2023.

                                    /s/ Emily C. Marks
                                    EMILY C. MARKS
                                    CHIEF UNITED STATES DISTRICT JUDGE